# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> VS. <br><br> **WESLEY LAMAR TUFF, JR.,** <br><br> **Defendant** | **NO. 5: 08-CR-65 (HL)** <br><br> **VIOLATIONS:** Drug & Firearms Related |

## ORDER OF DETENTION

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. Defendant TUFF was represented by Ms. Catherine M. Leek of the Federal Defenders Office; the United States was represented by Assistant U. S. Attorney Michael T. Solis. Based upon the evidence presented to the court on behalf of the parties, as well as the Pretrial Service Report (Short Form) of the U. S. Probation Office of June 17, 2010, I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☒ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

  ☒ under 18 U.S.C. §924(c).

☒ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence presented at the DETENTION HEARING, as supplemented by information contained in the aforementioned Pretrial Services Report, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the defendant's future appearance in court and the safety of the community were he to be released from custody. Defendant Tuff has strong family ties to the Moultrie, Georgia area in the Middle District of Georgia. The offenses charged against him are serious ones for which long-term incarceration can be expected in the event of conviction. His estimated sentencing guideline range is 41 months to 51 months to be followed by a mandatory five year prison sentence on the firearms charge. The weight of evidence appears to be strong: at a traffic stop in Dooly County, Georgia on March 5, 2008, officers seized a small amount of marijuana, some 2000 ecstacy pills (MDMA), and a .38 revolver from the automobile being operated by defendant Tuff. He was the sole occupant of the automobile. Later, in September of 2008, defendant Tuff and a female driver were found in possession of some four and one-half pounds of ecstacy (MDMA); the defendant fled the scene before he could be handcuffed. When apprehended on June 15, 2010, defendant Tuff was found in possession of packages of both powder cocaine and crack cocaine as well as two loaded 9 mm firearms.

**Although the defendant lacks a serious arrest and conviction record, it is apparent that he has continued to involve himself in the illegal drug trade since the incident of March 5, 2008 which forms the basis for the indictment herein. For the foregoing reasons, the undersigned finds that pretrial detention is mandated. IT IS SO ORDERED.**

## PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED, this 22nd day of JUNE, 2010.**

**CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE**