IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WESLEY LAMAR TUFF, JR., | : | |
| | : | |
| Petitioner, | : | |
| | : | NO. 5:08-CR-00065 (CAR) |
| VS. | : | NO. 5:12-CV-90147 (CAR) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | Proceedings under 28 U.S.C. § 2255 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner Wesley Lamar Tuff, Jr.'s Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Docs. 59, 61. In his motion, Petitioner contends that his sentence should be vacated and that he should be resentenced in accordance with the more lenient statutory penalty provisions of the Fair Sentencing Act of 2010 (FSA). Respondent has waived any affirmative defense regarding procedural default or timeliness and concedes that Petitioner should be resentenced in accordance with FSA. Doc. 62. In view of the Supreme Court's recent decision in Dorsey v. United States, 132 S.Ct. 2321 (2012), making the FSA applicable to those offenders whose crimes preceded the FSA's enactment but whose sentences were imposed after the FSA's enactment, Petitioner is entitled to benefit from the more lenient statutory penalty provisions established by the FSA. Accordingly, it is hereby **RECOMMENDED** that Petitioner's Section 2255 motion be **GRANTED** and that Petitioner be resentenced in accordance with the FSA.

1

BACKGROUND

1. Procedural History

On August 25, 2010, a five-count superseding indictment was returned in this Court charging Petitioner Wesley Lamar Tuff, Jr. with various drug and firearm offenses occurring between March 5, 2008 and June 15, 2010. Doc. 28. Count One charged Petitioner with possession with intent to distribute N-benzylpiperazine (BZP) and methylenedioxymethamphetamine (MDMA). Id. Counts Two and Five charged Petitioner with possession of a firearm in furtherance of a drug trafficking crime. Id. Count Three charged Petitioner and a co-defendant with possession with intent to distribute BZP, MDMA, and Trifluoromethylphenyl Peperanzine (TFMPP). Id. Count Four charged Petitioner with possession with intent to distribute cocaine and cocaine base. Id.

On November 18, 2010, Petitioner entered into a plea agreement with the Government, in which Petitioner agreed to plead guilty to Counts Three, Four, and Five in exchange for the Government's dismissal of Counts One and Two. Doc. 42. Prior to Petitioner's sentencing, the United States Probation Office prepared a Presentence Investigation Report (PSR). Doc. 51. Using the applicable Sentencing Guidelines, the PSR calculated Petitioner's drug quantities as a marijuana equivalent of 311.71 grams. Id. The PSR's findings were based on 2000 MDMA tablets, 196.96 grams of powder cocaine, and 6.25 grams of cocaine base. Id. The PSR recommended an adjustment for acceptance of responsibility and calculated a total offense level of 23 and a criminal history category of I. Id.

Based on a total offense level of 23 and a criminal history category of I, the PSR determined that Petitioner's Sentencing Guidelines range was 46 to 57 months. Petitioner, however, was subject to a 60-month mandatory minimum sentence on Count Four for a violation

of 21 U.S.C. § 841(b)(1)(B)(iii) involving more than five grams of cocaine base. See 21 U.S.C. § 841(b)(1)(B)(iii) (2006). Petitioner was also subject to a 60-month consecutive mandatory minimum sentence on Count Five for possession of a firearm in furtherance of a drug trafficking crime. See 18 U.S.C. § 924(c)(1). Because the powder cocaine involved in Count Four totaled less than 500 grams, Petitioner was not subject to the mandatory minimum sentence described in 21 U.S.C. § 841(b)(1)(B)(ii). Count Three did not carry a statutory mandatory minimum sentence. See 21 U.S.C. § 841(b)(1)(C). Based on the statutory mandatory minimum sentence, Petitioner's Sentencing Guideline sentence became 60 months. Doc. 51. Petitioner's Sentencing Guidelines sentence was followed by a consecutive sentence of 60 months. Id.

On March 31, 2011, Petitioner's case was called for sentencing. Doc. 54. The Court accepted the PSR's findings and sentenced Petitioner to 60 months on Counts Three and Four to be served concurrently, followed by 60 months on Count Five to be served consecutively to Counts Three and Four. Id. The Court also sentenced Petitioner to five years of supervised release. Id. Petitioner therefore received a total sentence of 120 years imprisonment followed by five years of supervised release. Petitioner did not appeal his sentence. On September 21, 2012, Petitioner filed the instant Section 2255 motion. Doc. 59. On October 3, 2012, Petitioner filed a supplement to his Section 2255 motion essentially restating his ground for relief.

DISCUSSION

Petitioner contends that he is entitled to be resentenced in accordance with the more lenient statutory penalty provisions of the FSA in view of the Supreme Court's holding in Dorsey. Because Petitioner's offense conduct occurred before the FSA's enactment and his sentencing occurred after the FSA's enactment, and because Petitioner's drug quantities no longer subject him to a statutory mandatory minimum sentence, Petitioner is entitled to relief.

On August 3, 2010, the FSA was enacted. See 21 U.S.C. § 841; 124 Stat. 2372. The FSA was intended to reduce the sentencing disparities between powder cocaine and cocaine base. See 124 Stat. 2372. As such, the FSA increased the necessary quantity of cocaine base to trigger the 60-month statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(b)(iii) from 5 grams to 28 grams. Id. Accordingly, a defendant convicted of possessing with intent to distribute less than 28 grams of cocaine base is no longer subject to a statutory mandatory minimum sentence.

On June 21, 2012, the Supreme Court held in Dorsey that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." 132 S.Ct. at 2335. Accordingly, defendants whose illegal conduct occurred prior to August 3, 2010 and whose sentencing occurred after August 3, 2010 are entitled to receive the benefit of the new statutory mandatory minimum sentences prescribed by the FSA.

In this case, Petitioner would no longer be subject to the 60-month mandatory minimum sentence imposed by the Court on Count Four pursuant to the FSA. The Court imposed the 60-month mandatory minimum sentence against Petitioner based on his possession with intent to distribute over 5 grams of cocaine base. Petitioner's offense conduct in Count Four involved 6.25 grams of cocaine base, which is less than the necessary 28 grams to trigger the 60-month mandatory minimum sentence under the FSA. As indicated above, Petitioner's other drug quantities did not trigger a mandatory minimum sentence. It therefore appears that Petitioner's Sentencing Guideline range based on his drug offense conduct would be reduced from 60 months to 46 to 57 months without the mandatory minimum sentence.

Petitioner is entitled to the benefits of the FSA pursuant to Dorsey. Petitioner committed the cocaine base offense on or about June 15, 2010, before the FSA's enactment. Petitioner was

not sentenced until March 31, 2011, after the FSA's enactment. As such, Petitioner is the type of defendant contemplated by the Supreme Court in Dorsey. Petitioner is therefore entitled to be resentenced in accordance with the FSA.

## CONCLUSION

Because Petitioner's drug quantities no longer subject him to a statutory mandatory minimum sentence pursuant to the FSA and because Petitioner's offense conduct occurred prior to the FSA's enactment and sentencing occurred after the FSA's enactment, it is hereby **RECOMMENDED** that the instant Section 2255 motion be **GRANTED**. Accordingly, it is **RECOMMENDED** that Petitioner's sentence be **VACATED**, that hearing date be set for Petitioner to be **RESENTENCED**, and that the Probation Office prepare a new PSR. Petitioner is currently represented by counsel.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served a copy thereof.

**SO RECOMMENDED**, this 28th day of November, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge